UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JONATHAN H. PARDEE, et al. | : | |
| | : | |
| v. | : | C.A. No. 01-594L |
| | : | |
| CONSUMER PORTFOLIO SERVICES | : | |
| | : | |

**MEMORANDUM AND ORDER**

Pending before the Court for determination is the Motion for Leave of Court to Withdraw as Counsel for Counterclaim Defendants The Dunbar/Wheeler Trust (The "Trust") and Ogden H. Sutro ("Mr. Sutro") (Document No. 204) filed by Attorney Craig Scott and the law firm of Duffy Sweeney & Scott, Ltd. ("DSS"). The Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on January 27, 2009. For reasons stated at the hearing and discussed below, the Motion to Withdraw is GRANTED.

The Motion complies with the requirements of this Court's Local Rules (L.R. Gen. 206(e)(2)) and, as grounds for withdrawal, indicates that The Trust and Mr. Sutro have "persistently" failed to pay DSS for legal services rendered and costs incurred on behalf of The Trust and Mr. Sutro. At the hearing, Attorney Scott outlined his efforts to resolve this issue with his clients and to put them on notice of his intent to withdraw and the pending Motion to Withdraw. Attorney Scott indicated that the designated contact person for his clients is Jonathan M. Wainwright, Esquire, a partner of the New York law firm of Cadwalader, Wickersham & Taft LLP, (see Document No. 15 at ¶ 4), and that he has provided notice by certified mail to Attorney Wainwright of both his Motion to Withdraw and the hearing date. Attorney Scott also represented that he sent notice of the hearing by certified mail and first class mail directly to the last known

mailing address of Mr. Ogden.  Attorney Scott's clients did not file an objection to his Motion to Withdraw and did not appear at the hearing.

For the foregoing reasons, Attorney Scott's Motion for Leave of Court to Withdraw as Counsel for Counterclaim Defendants The Dunbar/Wheeler Trust and Mr. Ogden H. Sutro (Document No. 204) is GRANTED.  The Trust and Mr. Sutro are ORDERED to engage successor counsel and have such counsel enter appearances on their behalf within thirty (30) days of the date of this ORDER.  If counsel does not appear as ordered, Mr. Sutro will be deemed to be appearing pro se, i.e., on his own behalf, in accordance with Local Rule Gen. 205.  Pursuant to Local Rule Gen. 205(a)(3), a legal entity such as the Trust may not appear pro se and can only appear through counsel.  Thus, the Trust will be subject to default, upon appropriate motion by the opposing party(ies), if successor counsel fails to enter an appearance on its behalf as ORDERED herein.  Finally, Attorney Scott is ORDERED to promptly deliver a copy of this ORDER to his former clients, The Trust and Mr. Sutro.

SO ORDERED


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 28, 2009