# LITTLE MEDEIROS KINDER BULMAN & WHITNEY PC

*Attorneys*

Christopher H. Little *
Matthew F. Medeiros *
Daniel K. Kinder *
John E. Bulman *
Christopher C. Whitney *
Scott K. Pomeroy *
Laura J. Bottaro *
Sara A. Rapport *
R. Thomas Dunn *
Timothy C. Cavazza *
Nicholas P. Brown †
Debra L. Conry *

John D. Deacon, Jr. *
Thomas M. Madden *
*Of Counsel*

William R. Powers III
(1931-1998)

Thomas C. Keeney
(1946-1999)

*Also admitted in Massachusetts

†Admitted in Massachusetts only

April 7, 2011

VIA ELECTRONIC FILING & HAND DELIVERY

The Honorable Ronald R. Lagueux
United States District Court
  for the District of Rhode Island
Federal Building and Courthouse
One Exchange Terrace
Providence, RI 02903

Re: <u>Pardee, et al. v. Consumer Portfolio Servs., Inc.</u> (C.A. No. 01-594); <u>Consumer Portfolio Servs., Inc. v. Hinckley, Allen & Snyder, LLP</u> (C.A. No. 04-493); and <u>Pardee, et al. v. Bradley, et al.</u> (C.A. No. 07-023)

Dear Judge Lagueux:

As counsel for Consumer Portfolio Services, Inc. ("CPS") and Charles Bradley, Jr., I am writing in regard the status of the three cases captioned above.

As you recall, the first of the three, <u>Pardee v. Consumer Portfolio Services</u>, was stayed pursuant to your order of November 17, 2004, because the indemnity claims at issue related to the underlying claims of liability that were then pending against the Plaintiffs, including Jonathan Pardee, in two out-of-state proceedings. One of those out-of-state proceedings was a class-action lawsuit in California Superior Court; the other was an adversary proceeding in the United States Bankruptcy Court for the District of Connecticut.

On May 25, 2005, this Court next stayed the related case of <u>Consumer Portfolio Services v. Hinckley, Allen & Snyder</u>, which involves CPS's claims against the Hinckley firm arising out of CPS's potential liability in the first action. On May 31, 2007, this Court also stayed <u>Pardee v. Bradley</u>, in which Mr. Pardee seeks to enforce a personal guarantee of the indemnification obligations that he alleges CPS to have in the first case.

Both of the out-of-state cases upon which the original stay was premised have now come to conclusion. The California case came to an end several years ago.

In the Connecticut adversary proceeding, CPS recently reached an agreement with the Liquidating Agent whereby the Liquidating Agent would dismiss its claims against Mr. Pardee in exchange for CPS's payment of $800,000 into the estate. Mr. Pardee was not a party to the agreement between CPS and the Liquidating Agent. On the Liquidating Agent's subsequent motion, the Connecticut bankruptcy court, effective April 7, 2011, approved the agreement between CPS and the Liquidating Agent and ordered the dismissal of the Liquidating Agent's claims against Mr. Pardee. A copy of the bankruptcy court's order is attached.

In light of the bankruptcy court's action, we believe it would be beneficial for the Court to convene a status conference to discuss the status of all three cases and, if necessary, to set a schedule for the resumption of proceedings in one or more of them.

I am available for a conference any time after April 25th. Thank you for your attention to this matter.

Very truly yours,

Christopher H. Little

Enclosures

cc:  Gerald J. Petros, Esq. (via electronic filing only)
   Ogden H. Sutro & Dunbar/Wheeler Trust
   (c/o Jonathan M. Wainright, Esq.) (via mail only)
   Rene P. Tatro, Esq. (via electronic filing only)
   Marc DeSisto, Esq. (via electronic filing only)
   Max Wistow, Esq. (via electronic filing only)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE:<br><br>STANWICH FINANCIAL SERVICES CORPORATION,<br>Debtor. | CHAPTER 11<br><br>CASE NO. 01-50831 (AHWS) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF STANWICH FINANCIAL SERVICES CORPORATION, on behalf of THE ESTATE OF STANWICH FINANCIAL SERVICES CORPORATION AND ITS CREDITORS,<br>Plaintiff,<br>v.<br><br>JONATHAN H. PARDEE, et al,<br>Defendants. | ADV. PRO. NO. 02-05023<br><br>RE: DOC. NO. 543 |

**ORDER GRANTING LIQUIDATING AGENT'S MOTION FOR APPROVAL OF SETTLEMENT AND COMPROMISE WITH CONSUMER PORTFOLIO SERVICES, AND SIMULTANEOUS DISMISSAL OF ACTION AGAINST JONATHAN H PARDEE, CAROL H. PARDEE, OGDEN H. SUTRO, VIRGINIA S. MORSE AND PETER M. DODGE**

Upon consideration of the Motion for (1) Approval of Settlement and Compromise between the liquidating agent (the "Liquidating Agent") and Consumer Portfolio Services, Inc. ("CPS"), and (2) Simultaneous Dismissal of Action against Jonathan H. Pardee ("Pardee"), Carol H. Pardee (formerly Havican), as an individual and as Trustee of the Jonathan H. Pardee Charitable Remainder Trust (Pardee and Carol H. Pardee are together referred to as the "Pardee Parties"), Ogden H. Sutro ("Sutro"), Virginia S. Morse, as an individual and as co-Trustee of the Dunbar Wheeler Trust, and Peter M. Dodge, as an individual and as co-Trustee of the Dunbar Wheeler Trust (Sutro, Virginia S. Morse and Peter M. Dodge are collectively referred to as the "Sutro Parties"), filed by the Liquidating Agent of Stanwich Financial Services Corporation (the "Liquidating Debtor"), and after due notice and a hearing, and no objection pending, and it

appearing to the Court that the proposed settlement agreement (the "Settlement Agreement") between the Liquidating Agent and CPS, to which the Pardee and Sutro litigants are not parties, is fair, reasonable and equitable, and that just cause exists to grant the Motion, upon the Liquidating Agent's representation to the Court that CPS has fulfilled its obligations to the Liquidating Agent under the Settlement Agreement, it is hereby:

ORDERED, that the Motion is granted; and it is further

ORDERED, that pursuant to the Motion, the Settlement Agreement between the Liquidating Agent and CPS as described in Exhibit A to the Motion is approved; and it is further

ORDERED, that the claims against the Pardee Parties and the Sutro Parties are dismissed with prejudice with no payment or other consideration furnished by, or on behalf of, the Pardee Parties or the Sutro Parties; and it is further

ORDERED, that this order shall not operate or be interpreted as a decision on the merits which might operate to enjoin, preclude or in any way limit or affect Pardee, the Pardee Charitable Remainder Trust, CPS, Charles E. Bradley, Sr. or Charles E. Bradley, Jr. in the exercise or assertion of any indemnification rights or defenses that they may have, by way of guaranty or otherwise, if any, against and among each other concerning, arising out of or in any way related to the sale of stock of Settlement Services Treasury Assignments, Inc. to SST Acquisition Corp., or any document executed in connection therewith; and it is further

ORDERED, that the *Order Granting Application of Official Committee of Unsecured Creditors for Temporary Restraining Order and Hearing on Preliminary Injunction* [Doc. No 27], is hereby vacated; and it is further

ORDERED, that the Liquidating Agent is hereby authorized and directed to implement the terms of the Settlement Agreement; and it is further

ORDERED, that this Court shall retain jurisdiction to supervise the implementation of the Settlement Agreement and any disputes arising in or arising under or related thereto.

Dated: April 6, 2011

By the court

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge